**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Office of Executrix on behalf of NAQUEEN UNIQUE ZAIRE Estate,<br><br>Plaintiff,<br><br>v.<br><br>HON. JODI-LEE ALPER, *et al.*<br><br>Defendants. | Case No. 2:24-cv-00541 (BRM) (JBC)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are multiple motions to dismiss Plaintiff Naqueen Unique Zaire Estate's ("Plaintiff") Complaint. (ECF No. 1.) The first motion is Defendants Wilmington Savings Fund FSB Not In Its Private Capacity But Solely as Trustee for Verus Securitization Trust 2019-INV3, Verus Securitization Trust 2019-INV3, Baron Silverstein, New Residential d/b/a Newrez LLC d/b/a Shellpoint Mortgage Servicing's (collectively, "Verus Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 10.) The second motion is Defendants the Honorable Jodi-Lee Alper[1] and Clerk Michelle Smith's (together, "State Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13.) The third and final motion is Defendants Antonio Bonnani and Hladik, Onorato & Felderman, LLP's (together, "HOK Law

---

[1] Plaintiff improperly pleaded the Honorable Jodi-Lee Alper as "Jodi Lee Alper." (ECF No. 1 ¶ 2.)

Defendants")[2] Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] (ECF No. 17.) Plaintiff filed respective Oppositions to the Verus Defendants' motion (ECF No. 14), the State Defendants' motion (ECF No. 18), and the HOK Law Defendants' motion (ECF No. 20). The State Defendants filed a Reply to the Opposition (ECF No. 19) and Plaintiff filed a Response to the Reply (ECF No. 21). Having reviewed the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Motions to Dismiss (ECF Nos. 10, 13, 17) are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to the Defendants.

I.     BACKGROUND

A.     **Factual Background**

For the purpose of these Motions to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Curlin Med. Inc. v. ACTA Med., LLC*, Civ. A. No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("When reviewing a facial challenge under Rule 12(b)(1), Rule 12(b)(6)'s standards apply – requiring that the Court must accept all factual allegations in the Complaint as true, and that the Court may only consider the Complaint and documents referenced in or attached to the Complaint."); *Admiral Ins. Co. v. Snap Transloading, LLC*, Civ. A. No. 21-10392, 2022 WL 102259, at *2 (D.N.J. Jan. 10, 2022)

---

[2] The HOK Law Defendants' counsel notes Antonio Bonnani was incorrectly designated by the Plaintiff as doing business as an attorney of the HOK Law Group.

[3] The HOK Law Defendants' submission noted there was an "accompanying letter in support of its motions" to be relied upon, but no such brief was submitted to the Court. Nonetheless, the motion itself was submitted and reviewed.

("A facial attack 'challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to "consider the allegations of the complaint as true."'" (quoting *Davis v. Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

Although Plaintiff's Complaint is somewhat unclear, because Plaintiff is proceeding *pro se*, the Court attempts to glean his factual allegations and legal claims through liberal construction of his pleading. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005); *Cooke v. Experian Info. Sols., Inc.*, Civ. A. No. 22-05375, 2024 WL 1142214, at *2 (D.N.J. Mar. 15, 2024) ("When considering a motion to dismiss the complaint of a *pro se* litigant, courts must bear in mind that such pleadings are held to less stringent standards than more formal pleadings drafted by lawyers."); *Huff v. Atl. Cnty. Just. Facility*, Civ. A. No. 20-9761, 2021 WL 307303, at *2 (D.N.J. Jan. 29, 2021) ("Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." (quoting *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339–40 (3d Cir. 2011))).

This case arises from a dispute involving a Promissory Note executed by Plaintiff for the purchase of property in Irvington, New Jersey, (ECF No. 1 ¶ 8), and specifically the subsequent mortgage and foreclosure action brought for non-repayment of the loan. (*Id.* ¶¶ 17, 21). The Promissory Note was executed with Athas Capital Group and then assigned to the Verus Defendants with Plaintiff stating, "Defendant Newrez who also does business as Shellpoint Mortgage Servicing" as "handl[ing] the collections on the account" (*id.* ¶ 9) and Wilmington Savings Fund as the "new servicers of the 'loan.'" (*id.* ¶ 10). Plaintiff repeatedly alleges misrepresentation, fraud, and lack of disclosures regarding the Promissory Note being a security and other related aspects of the transaction. (*Id.* ¶¶ 17, 126–27, 130–31.) Plaintiff also claims the State Defendants did not have the proper authority to execute the foreclosure and "breached their

3

fiduciary duties by ignoring the instructions of the Complainant(s) as Beneficiary and Surety . . . allowing the foreclosure to proceed." (*Id.* ¶ 29.) Plaintiff has claimed this is a "private matter . . . based on injury to the estate, beneficiary, surety" and is suing in "equity jurisdiction." (*Id.* § Jurisdiction.)

From the facts of the Complaint, the Court construes the Complaint as bringing claims against all named defendants for Equitable Relief for Recoupment, Breach of Trust, Subrogation, Recission, Interference with Reputation, Invasion of Privacy, and Securities Fraud.

### B.    Procedural History

Plaintiff filed the Complaint on January 30, 2024. (ECF No. 1.) The Verus Defendants filed a Motion to Dismiss Plaintiff's Complaint on February 26, 2024. (ECF No. 7.) The State Defendants filed a Motion to Dismiss Plaintiff's Complaint on April 8, 2024. (ECF No. 10.) The HOK Law Defendants filed a Motion to Dismiss Plaintiff's Complaint on April 22, 2024. (ECF No. 13.) Plaintiff filed an Opposition to the Verus Defendants' motion on April 22, 2024 (ECF No. 14), to the State Defendants' motion on May 6, 2024 (ECF No. 18), and to the HOK Law Defendants' motion on May 15, 2024 (ECF No. 20). The State Defendants filed a Reply to the Opposition on May 13, 2024 (ECF No. 19) and Plaintiff filed a Response to the Reply on May 29, 2024 (ECF No. 21).[4]

### II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter

---

[4] Plaintiff was not given permission to file the Response, but the Court has considered it nonetheless in light of Plaintiff's *pro se* status.

jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). "In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331–32). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings'" and "[n]o presumptive truthfulness

attaches to [the] plaintiff's allegations." *Id.* (first alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (quoting *Mortensen*, 549 F.2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, all Defendants assert a facial 12(b)(1) challenge. Therefore, the Court considers the allegations in the light most favorable to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.      Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual

claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaint are plausible. *See id.* at 670.

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III.   DECISION

### A.      Rule 12(b)(1) Motions (Lack of Subject Matter Jurisdiction)

Defendants assert a facial challenge to the Court's subject matter jurisdiction under Rule 12(b)(1) based on Plaintiff's failure to properly allege complete diversity between parties for diversity jurisdiction and to identify a federal statute or constitutional right at issue for federal question jurisdiction pursuant to 28 U.S.C. §§ 1331–32. (ECF Nos. 10 at 5, 13 at 6.) Defendants argue Plaintiff's claims are also barred by the *Rooker-Feldman* Doctrine as a final state court judgment was rendered in the foreclosure action. (ECF Nos. 10 at 6, 13 at 6.) State Defendants also claim to be immune from suit due to judicial immunity and quasi-judicial immunity.[5] (ECF No. 13 at 11.)

"The plaintiff must adequately allege a basis for federal jurisdiction by including 'a short and plain statement of the grounds for the court's jurisdiction' in the complaint." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 638 (3d Cir. 2021) (quoting Fed. R. Civ. P. 8(a)(1); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015)). As the Verus Defendants state, "Plaintiff claims to be a citizen of New Jersey and alleges the citizenship of co-defendants, [State Defendants], as New Jersey, thereby destroying complete diversity between the parties." (ECF No. 10 at 5.) For a Court to have subject matter jurisdiction via diversity of citizenship, then "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

---

[5] The Court notes the State Defendants' well-founded arguments regarding dismissal under these grounds. Given that there are more serious deficiencies with Plaintiff's Complaint leading to all Defendants' Motions to Dismiss being granted, a specific discussion of judicial immunity is unnecessary.

Likewise, as the State Defendants emphasize, "[t]he Complaint does not rely on or refer to the Constitution or laws of the United States" as Plaintiff asserts the suit is "a complaint in equity jurisdiction." (ECF No. 13 at 7.) Indeed, Plaintiff appears to be making only equitable claims without any citation to federal law beyond calling her Complaint a "Constitutional matter." (ECF No. 1 § Jurisdiction.) The Objection to the Verus Defendants' Motion does nothing to help this Court determine what potential federal law is implicated as it only includes more references to the Constitution and equity, and states "federal law . . . is the supreme law of the land." (ECF No. 14 at 2.) Even with a liberal interpretation of Plaintiff's Complaint, in particular the Securities Fraud allegation, there is no specific federal statute alleged to have been violated by Defendants. *See Alexis v. Sessions*, Civ. A. No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018) (noting that "passing references" are not sufficient to raise the claim being alleged) (internal citation omitted). Moreover, it is "not the court's responsibility to research the law and construct the parties' arguments for them." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014) (citing *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.,* 515 F.3d 718, 721 (7th Cir. 2008)). The Court therefore agrees with Defendants that it does not have subject matter jurisdiction over the dispute, even when liberally construing the *pro se* Plaintiff's Complaint. As Plaintiff has explicitly provided, there are citizens of New Jersey on both sides of the dispute, and the Complaint has not alleged a violation of federal law but rather overall "equity."

However, even if this Court were to find the Complaint successfully alleges diversity or federal question jurisdiction, the *Rooker-Feldman* doctrine still prevents the case from proceeding in a federal court. "The *Rooker-Feldman* doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication." *Gittens v. Kelly*, 790 F. App'x 439, 440 (3d Cir. 2019) (per curiam). In other words, district courts are barred "from sitting as appellate

10

courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). The doctrine is "confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court to review and rejection of those judgments.'" *Id.* at 441 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies to cases when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* (alterations in original) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d. Cir 2010)).

Plaintiff lost the Superior Court case and a final judgment of foreclosure was entered against Plaintiff along with an Order denying Plaintiff's "Motion for Relief of Final Judgement" prior to Plaintiff bringing this Complaint. (ECF Nos. 1 ¶ 8, 10 at 10, 13 at 8.) A final judgment exists where a "lower state court 'issues a judgment and the losing party allows the time for appeal to expire.'" *Malhan v. Sec. U.S. Dep't St.*, 938 F.3d 453, 459 (3d Cir. 2019) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)). Indeed, Plaintiff has submitted this Complaint because of the injuries alleged to have been suffered from the state court's "final judgement of foreclosure." *Sparkman v. Wells Fargo Bank N.A.*, No. 19-cv-5351, 2022 U.S. Dist. LEXIS 172435, at *7 (D.N.J. Sept. 23, 2022); *see also Gage v. Wells Fargo Bank*, NA, 521 F. App'x 49, 51 (3d Cir. 2013) (holding that the claims in question were "in essence an attack on the state court judgement of foreclosure"). Correspondingly, any potential federal claim that could be found here is "inextricably intertwine[d] with the state adjudication, meaning that federal claim can only be predicated upon a conviction

11

that the state court was wrong." *Knapper*, 407 F.3d at 580 (quoting *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004)).

Plaintiff argues "Counsel is mistakenly under the impression that this claim is about voiding or vacating a judgment rendered by the state courts," however, there is no way to separate the Defendants' respective actions regarding the foreclosure from any claim for "breaching . . . duties as trustees and fiduciaries," especially in the context of the State Defendants. (ECF No. 14 at 1–2.) Plaintiff's own Complaint requests "Recoupment of the property," both "28 Laurel Avenue Irvington New Jersey" and "all property held in trust by Respondents" and a "Recission of the recorded Mortgage." (ECF No. 1 at 14.) Likewise, Plaintiff's Opposition to the State Defendants' Motion is contradictory as "Plaintiff is not seeking this court to remedy the state's judgment," (ECF No. 18 at 3) but is seeking this Court "restore all property back to the estate due to the injuries caused to the estate." (*Id.* at 1). Such relief would require directly reversing the state court adjudication of the underlying matter in direct violation of the *Rooker-Feldman* doctrine. *See Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718 (3d Cir. 2010) (holding that the *Rooker-Feldman* doctrine prevented the court from granting relief as to a wrongful foreclosure action because granting relief would have required a determination that the state court erred in entering its foreclosure judgment); *Gage*, 521 F. App'x at 51 (noting that the request "to have the deed to the property restored to him . . . makes it abundantly clear that he seeks to overturn the foreclosure judgment"); *Sparkman*, 2022 U.S. Dist. LEXIS 172435, at *7 ("Courts in the Third Circuit have held that the fourth *Rooker-Feldman* requirement is satisfied in the context of a foreclosure where a ruling in favor of plaintiff would expressly or implicitly render the note or mortgage, the default, or the defendant's right to foreclose invalid.") (citing *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *Ezell v. JPMorgan Chase Nat'l Ass'n*, No. 18-cv-1407, 2020 U.S.

Dist. LEXIS 17856, at *13-14 (D.N.J. Jan. 31, 2020) ("[C]ourts in this district have consistently found that the *Rooker-Feldman* doctrine prohibits claims in a federal action that challenge the validity of the mortgage or the right to foreclose."). Further, although a changing of the parties or more specified allegations of violated federal law could facially provide subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, the *Rooker-Feldman* doctrine would still be a bar to any future complaint given Plaintiff's factual allegations and the underlying final judgement rendered in the foreclosure proceeding. As such, any federal court would ultimately need to abstain from considering a Complaint by Plaintiff related to this issue, especially in light of the relief sought.

Accordingly, the Defendants' (ECF Nos. 10, 13, 17) Motions to Dismiss are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

### B. Rule 12(b)(6) Motions (Failure to State a Claim for Relief)

Since this Court is dismissing the Complaint in its entirety due to lack of subject matter jurisdiction, it is unnecessary to consider whether Plaintiff has adequately alleged a claim upon which relief can be sought. *See Dickerson*, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013).

### C. Request for Dismissing with Prejudice

The Verus Defendants, State Defendants, and HOK Law Defendants all ask for the Complaint to be dismissed with prejudice. (ECF Nos. 10 at 15, 13 at 17, 17-2 at 1.) The Verus Defendants argue the deficiencies in the Complaint are so pervasive that "any such amendment would be futile." (*See* ECF No. 10 at 6.) The State Defendants request a dismissal with prejudice due to their judicial immunity rendering any future suit by Plaintiff with regards to the alleged facts moot. (ECF No. 13 at 17.)

The Court will not provide Plaintiff leave to amend the Complaint. The Federal Rules of Civil Procedure generally require the Court to "freely give leave [to amend] when justice so

requires," *i.e.*, allow for amendment when in the absence of any equitable reason to deny such an opportunity. Fed. R. Civ. P. 15. Courts also generally grant *pro se* plaintiffs, like Plaintiff here, leave to amend where possible. *See Gambrell v. Arias*, Civ. A. No. 14-6758, 2015 WL 13647384, at *1 (D.N.J. May 5, 2015) (stating that "[b]ased on Plaintiffs' *pro se* status, I will give them leave to amend their complaint"); *Johnson v. Performance Food Grp.*, Civ. A. No. 10-3742, 2010 WL 4668346, at *3 (D.N.J. Nov. 5, 2010) ("In light of Plaintiff's *pro se* status, Plaintiff is hereby granted leave to amend his complaint to cure the pleading deficiencies."). Here, Plaintiff has not yet been granted any opportunity to amend the Complaint, however, an attempted amendment would be futile due to the *Rooker-Feldman* doctrine. *See Pydeski v. Aetna Ins. Co. Disability Servs.*, Civ. A. No. 18-15305, 2019 WL 13396864, at *2 (D.N.J. Sept. 4, 2019) (noting that "courts in this Circuit are required to grant a *pro se* Plaintiff leave to amend a deficient Complaint unless amendment would be inequitable or futile"). When dismissing a case for lack of subject matter jurisdiction, it must "be without prejudice." *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997); *see Poole v. USCIS Pittsburgh Field Off.*, No. 24-1297, 2024 WL 3439777 (3d Cir. July 17, 2024); *Clark v. Wells Fargo Bank*, 585 F. App'x 817 (3d Cir. 2014).

Accordingly, the Court will not provide Plaintiff with leave to amend the Complaint against the Defendants.

IV.    **CONCLUSION**

For the reasons set forth above, the Defendants' Motions to Dismiss (ECF Nos. 10, 13, 17) are **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

Date: November 1, 2024                    */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**

14